UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MYIAH SHOWS,
*individually and on behalf of*
*all others similarly situated,*

    Plaintiff,

v.

CONSUEGRA & DUFFY, P.L.L.C., d/b/a LAW
OFFICES OF DANIEL C. CONSUEGRA, P.L.,
a Florida professional limited liability company,
DANIEL C. CONSUEGRA, an individual,
AMANDA R. DUFFY, an individual,
CHAD W. HOWARD, an individual, and
JOSHUA D. MOORE, an individual,

    Defendants.
_____/

Case No.: 8:18-cv-02633-CEH-CPT

**CLASS REPRESENTATION**

## MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, Plaintiff in the above styled action (hereinafter, "the Parties"), by and through her undersigned counsel, pursuant to Federal Rule of Civil Procedure 23(e), and hereby files this Motion for Preliminary Approval of Class Action Settlement ("Motion"), and state the following in support thereof:

**I.    FACTUAL BACKGROUND / PROCEDURAL HISTORY**

Plaintiff initiated this action against Defendants on October 26, 2018 by filing her Class Action Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). *See,* DE 1. Specifically, Plaintiff alleges that Defendants violated the fair venue provision of the FDCPA, Section 1692i(a)(2) by filing lawsuits against consumer debtor defendants in jurisdictions where such defendants neither engaged in the contract that created the debt nor lived at the time the debt collection lawsuit was filed. *Id.* The Parties have engaged in extensive settlement communications to resolve this dispute on a class basis and have filed their Stipulation for Settlement detailing the proposed

1

terms of their proposed Rule 23(b)(2) class action settlement. DE 28. Please see attached a true and correct copy of the Parties' executed Class Action stipulation for settlement (hereinafter, "Stipulation for Settlement") which memorializes the terms of the settlement, labeled **Exhibit A.**

Through the present Motion, Plaintiff respectfully request an Order from this Honorable Court: 1) certifying the proposed Class for settlement purposes; 2) preliminarily approving the proposed Stipulation for Settlement; and 3) setting a final fairness hearing under Federal Rule of Civil Procedure 23(c)(1).

## II. THE COURT SHOULD PRELIMINARILY CERTIFY A SETTLEMENT CLASS UNDER FEDERAL RULES OF CIVIL PROCEDURE 23(a) and 23(b)(2)

The decision whether to certify a class is within the broad discretion of the district court and is reviewed for an abuse discretion. *Klay v. Humana, Inc.,* 382 F.3d 1241, 1251 (11th Cir.2004). In the present case, Plaintiff seeks preliminary certification of the proposed class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2). "Rule 23(a) states four threshold requirements applicable to all class actions: (1) numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical ... of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class')." *De Leon v. Bank of Am., N.A. (USA)*, 6:09-CV-1251-ORL-28, 2012 WL 2568142, at *7 (M.D. Fla. Apr. 20, 2012) *report and recommendation adopted*, 6:09-CV-1251-ORL-28, 2012 WL 2543586 (M.D. Fla. July 2, 2012). To qualify for certification under Rule 23(b)(2), a class must meet all the qualifications under Rule 23(a) and "the party opposing the class must have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed.R.Civ.P. 23(b)(2);

In cases seeking relief for conduct involving unlawful debt collection based upon a defendant's systemic conduct, certification of a (b)(2) class action is not unusual. *See Gonzalez v. Dynamic Recovery*

*Solutions, LLC*, Case No. 14-CIV-24502, 2015 WL 738329 *2 (S.D. Fla. Feb. 23, 2015); *Wilson v. Transworld Systems, Inc*., Case No. 5:00-cv-135-OC-10GRJ, 2002 WL 1379246 *2 (M.D. Fla. March 29, 2002). For the reasons outlined below, each of the Rule 23(a) and 23(b)(2) prerequisites to class certification are met.

    **A.**    **The Settlement Class Satisfies the Numerosity Requirement of Rule 23(a)**

To satisfy numerosity, the prospective class must be "so numerous that joinder of the class is impracticable." Fed.R.Civ.P. 23(a)(1). "The Court is given discretion to make assumptions when determining the numerosity of a class." *Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697, 699 (M.D. Fla. 2000) (citing *Evans v. U.S. Pipe & Foundry,* 696 F.2d 925, 930 (11th Cir.1983)). While "mere allegations of numerosity are insufficient," Rule 23(a)(1) imposes a "generally low hurdle," and "a plaintiff need not show the precise number of members in the class." *Manno v. Healthcare Revenue Recovery Grp., LLC,* 289 F.R.D. 674, 684 (S.D.Fla.2013).

In the present case, the Plaintiff has identified approximately 124 people who are believed to be in the putative class defined as

> "All persons who are consumer debtors outside of the state of Florida, against whom Defendants filed and served a collection lawsuit (not involving real property) in a judicial district wherein each respective debtor-defendant neither (1) entered into the agreement sued upon, nor (2) where such debtor defendant lived at the time each lawsuit was filed and served, between October 26, 2017 and the date of approval of this Class Action settlement."

Please see Stipulation for Settlement, DE 28, para. I.1.4.

Plaintiff has demonstrated that the Class meets the minimum number required to satisfy numerosity. Please see attached a list of consumer-defendants, identifiable from Florida public records, who are members of the putative Class, labeled **Exhibit B**. The Eleventh Circuit has indicated that a proposed class with less than twenty-one class plaintiffs is generally inadequate to support a finding of numerosity but that more than forty class members is generally enough to satisfy the rule. *Stalley v.*

*ADS Alliance Data Sys., Inc.*, 296 F.R.D. 670, 681 (M.D. Fla. 2013) (citing *Cox v. Am. Cast Iron Pipe Co.,* 784 F.2d 1546, 1553 (11th Cir.1986)). Given that there are approximately 124 class members, numerosity has easily been satisfied as the putative class is "so numerous that joinder of the class is impracticable."

### B.   The Settlement Class Satisfies the Commonality Requirement of Rule 23(a)

Federal Rule of Civil Procedure 23(a)(2) requires that there be "questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). Commonality pertains to the characteristics of the group or class as a whole, unlike typicality which refers to the individual characteristics of the class representative as compared to those of the class members. *Piazza v. Ebsco Indus. Inc.,* 273 F.3d 1341, 1346 (11th Cir.2001) (citing *Prado–Steiman v. Bush,* 221 F.3d 1266, 1279 (11th Cir.2000)). Commonality "does not require complete identity of legal claims." *Johnson v. Am. Credit Co. of Ga.,* 581 F.2d 526, 532 (5th Cir.1978). "In fact, commonality can be satisfied even with some factual variations among class members." *Stalley*, 296 F.R.D. at 681 (citing *Armstead v. Pingree,* 629 F.Supp. 273, 280 (M.D.Fla.1986)).

In the present case, the commonality element is satisfied as the debt collection lawsuits at issue are as a group similar if not identical in that the claims of the Plaintiff and the putative Class Members originate from the same conduct, practices and procedures employed by Defendants, namely suing each Class Member in an objectively verifiable erroneous judicial district. *See, e.g., Fuller*, 197 F.R.D. at 700 ("The principle legal issues arising from the collection letters is whether the letters violate the FDCPA and FCCPA. All members of the prospective class could be affected from the issue regarding the letters sent. The Court finds the commonality requirement is satisfied because one common issue is sufficient to meet the commonality requirement of Rule 23."); *Lawson v. Management Adjustment Bureau, Inc.*, Case No. 96-cv-4576, 1997 WL 283027 *6 (N.D. Ill. May 15, 1997) (certifying a class action for debt collection conduct based upon conduct alleged to violate Section 1692i, but denying

liability for other reasons).

### C. The Stipulation for Settlement Class Satisfies the Typicality Requirement of Rule 23(a)

Though the issues of commonality and typicality require separate inquiries, the proof required for each tends to merge. *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 456 (11th Cir. 1996) (citation omitted). A class may be certified only if the claims or defenses of the representative parties are typical of the claims or defenses of the class. The claims of a class representative are typical if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory. A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3). The typicality requirement may be satisfied despite substantial factual differences when there is a strong similarity of legal theories. *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1356 – 57 (11th Cir. 2009) (internal citations and internal quotation marks omitted).

As noted above, the claims of both the Plaintiff and the putative class members originate from the exact same conduct and practices and procedures employed by Defendants. Defendants drafted and filed suit to collect consumer debts from out-of-state consumer defendants on contracts neither entered into within the judicial district wherein the lawsuit was filed, nor in a judicial district where each defendant lived at the time of suit. As a result of those practices, Plaintiff possesses the same interest, asserts identical claims and seeks identical relief as that of the Class Members. *See Lawson*, 1997 WL 283027 at *6. Accordingly, the typicality requirement has been satisfied.

### D. The Plaintiffs and Their Counsel Satisfy the Adequacy Requirement of Rule 23(a)

The final prerequisite of Rule 23(a) requires a showing that the representative party or parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a)(4). Generally, the adequacy of the representation depends on two factors: (1) the named plaintiffs' attorney is qualified, experienced, and

5

will competently and vigorously prosecute the action; and (2) the interests of the named plaintiffs are not antagonistic to or in conflict with those of the class. *See, Walco Investments, Inc. v. Thenen*, 168 F.R.D. 315, 327 (S.D. Fla. 1996)(citing *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987)). Plaintiff and her counsel satisfy these requirements.

With respect to the adequacy of class counsel, Rule 23(a) "'involves questions of ... whether plaintiffs' counsel is qualified, experienced, and generally able to conduct the proposed litigation.'" *Spinelli v. Capital One Bank*, 265 F.R.D. 598, 602-603 (M.D. Fla. 2009) (quoting *Pop's Pancakes, Inc. v. NuCo2*, 251 F.R.D. 677, 683 (S.D. Fla. 2008) (citing *Griffin v. Carlin*, 755 F.2d at 1533). Here, the Parties request the Court to appoint as "Class Counsel" Ian Richard Leavengood, from the law firm of Leavengood, Dauval & Boyle, P.A. (hereinafter, "LeavenLaw").

LeavenLaw is an AV-rated consumer litigation firm representing consumers across the state of Florida, in both state and federal court. For nearly forty years, LeavenLaw has represented consumers against creditors, debt collectors and insurance companies. The law firm employs seven attorneys and maintains offices in St. Petersburg, Tampa, Clearwater, Sarasota and Orlando, Florida. LeavenLaw lawyers have appeared on behalf of thousands of consumers in both federal and Florida state court. Ian R. Leavengood and other LeavenLaw lawyers are skilled in the area of unlawful debt collection law, having represented consumers in over 800 unlawful debt collection cases, including ten (10) consumer-based class actions, one of which was certified and defended on appeal, and the majority of the remainder having been confidentially settled as class actions or individually with class action-like relief. Mr. Leavengood was awarded the preeminent AV® rating by Martindale-Hubbell, as well as have been recognized as a SuperLawyer™, one of Florida's Legal Elite ™, and one of *The Best Lawyers in America*®. For these reasons, LeavenLaw and its lawyers possess the knowledge and insight necessary to conduct this litigation on behalf of Plaintiffs and the proposed classes. *See* Declaration of Ian R. Leavengood in Support of Motion for Class Certification, attached hereto as **Exhibit C.**

Based upon Mr. Leavengood's qualifications outlined above, the Court should find Mr. Leavengood are adequate to serve as class counsel under Rule 23(a). *Id.*; *see also Garcia-Celestino v. Ruiz Harvesting, Inc.,* 280 F.R.D. 640, 647 (M.D. Fla. 2012) (finding class counsel adequate on the basis that counsel was experienced in class action litigation, and particularly in the subject matter of the pending litigation); *Mills v. Foremost Ins. Co.*, 269 F.R.D. 663 (S.D. Fla. 2010) (court found adequacy of representation of counsel based on the "experience and specialties" represented in affidavits of class counsel).

With respect to the named Plaintiff, she is similarly situated with all other Class Members, does not have any interests antagonistic to other Class Members' interests, and has a personal stake in this litigation. Further, Plaintiff has been attentive and diligently participated and cooperated with undersigned counsel in prosecuting this class action. Accordingly, Plaintiff's interests are coincident with, and are not antagonistic to, the putative Class Members' interests. For these reasons, the Court should find that Plaintiff satisfies the adequacy requirement of Rule 23(a)(4).

### E. The Requirements of Rule 23(b)(2) are Met

Rule 23(b)(2) provides for certification when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2).

Here, Plaintiff seeks this Court's approval of a settlement effectively enjoining Defendants from filing consumer debt collection lawsuits that violate the fair venue provision of the FDPCA, Section 1692i(a)(2). This injunction applies not only to debt collection lawsuits that Defendants are currently prosecuting against Class Members, but also any consumer debt collection lawsuits Defendants may file to collect a debt in the future. *See* Stipulation for Settlement, DE 28, para. 3.1 - 3.2; 5.3.

Further, the Parties' Stipulation for Settlement is particularly well-suited for a settlement under the auspices of Rule 23(b)(2) because Defendants have acted "on grounds generally applicable to the

class" by engaging in a pattern of filing consumer debt collection lawsuits against defendants that objectively never signed the contract sued upon in Florida, nor live in Florida at the time such debt collection lawsuit was filed and served. Plaintiff alleges that Defendants filed and served approximately 124 consumer-debtor debt collection lawsuits that fall within the definition of the Class. Defendants' course of conduct was applied uniformly to all settlement Class Members and the injunctive relief provided for in the Stipulation for Settlement will redress the group-wide injury and properly serve the remedial nature of the FDCPA. *See, Robinson v. Metro-North Commuter R.R.,* 267 F.3d 147, 162 (2nd Cir. 2001). Since obtaining a monetary recovery for the Settlement Class members pursuant to Rule 23(b)(3) is impractical in this case (given the limiting factors of Defendants' service-oriented business and corresponding modest net worth, the 1% class action fund statutory damage cap based upon such net worth, and the number of class members present in the settlement class), an injunctive-relief settlement under Rule 23(b)(2) is the best method to fairly and efficiently adjudicate the claims of the Settlement Class. Furthermore, and again importantly, this Stipulation for Settlement does not extinguish each class member's individual right to pursue FDCPA statutory damages, should they choose to do so. *See Gonzalez*, 2015 WL 738329 at *2 (approving a (b)(2) class settlement and noting that such settlement leaves unaffected each class member's right to individually pursue his or her tolled statutory damage claims in the future); *see also* DE, 28, para. 5.4. Given these facts, this is the fair, reasonable, adequate and appropriate class settlement result.

**III. THE TERMS OF THE SETTLEMENT AGREEMENT SHOULD BE PRELIMINARILY APPROVED BY THE COURT**

Federal Rule of Civil Procedure 23(e) requires court approval for any compromises of a class action. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617 (1997). In determining whether to approve the Settlement, the Court should be guided by the strong judicial policy favoring pretrial settlement of complex class action lawsuits. *See*, *e.g.*, *Maher v. Zapata Corp.*, 714 F.2d 436, 455 (5th Cir. 1983); *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). This rule has particular force

regarding class action lawsuits. *Id.* (citation omitted). Indeed, the settlement of class action cases prior to trial is strongly favored. *See, e.g. Assoc. for Disabled Am., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 466 (S.D. Fla. 2002).

In considering a proposed settlement of a class action, federal courts generally follow a two-step process, the first step relating to preliminary approval and the second step relating to final approval at a subsequent fairness hearing. *See Smith v. Wm. Wrigley Jr. Co., Case No. 09-60646-cv, 2010 WL 2401149, at \*2 (S.D. Fla. June 15, 2010); see also Annotated Manual for Complex Litigation* at § 21.632. The first step in determining whether to grant preliminary approval to a class settlement is for "the Court [to] make[] a preliminary fairness evaluation of the proposed settlement." *Cope v. Duggins*, 2001 WL 333102, \*1 (E.D. La. April 4, 2001). The Court must "evaluate the likelihood that the Court would approve the settlement during its second review stage, the full fairness hearing." *Id.* In so doing, the Court "will examine the submitted materials and determine whether the proposed settlement appears fair on its face." *Id; see also In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 212 (5th Cir. 1981).

The main question presented by a request for preliminary approval of a class action settlement is whether the proposed settlement is within the range of possible approval. *See In re: Skinner Group*, 206 B.R. 252, 261 (N.D. Ga. 1997) (citing *Armstrong v. Board of School Directors of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980)); *see also Wrigley*, 2010 WL 2401149 at \*2 (noting preliminary approval is typically "granted unless a proposed settlement is obviously deficient" and "where the proposed settlement is the result of the parties' good faith negotiations . . . and the settlement falls within the range of reason")(internal citation omitted). The Court's review at the preliminary approval stage should be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties. *Rutstein v. Avis Rent- A-Car Sys.*, 211 F.3d 1228, 1233 (11th Cir. 2000). "Where the proposed settlement appears to be

the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representative or segments of the class and falls within the range of possible approval, preliminary approval [should be] granted." *In re: NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y 1997 (citing *Manual for Complex Litig.*, § 30.41 (3d ed. 1995)); see also MCL § 21.63 (4th ed. 2004).

For the reasons detailed below, the Court should find that the parties' Stipulation for Settlement is not the product of fraud or collusion but instead provides meaningful relief to the proposed Settlement Class and, taken as a whole, is fair and the result of good faith, prolonged negotiation of the terms between the Parties.

### A. Summary of the Terms of the Stipulation for Settlement

Under the terms of the class action Stipulation for Settlement and subject to court approval, the Defendants shall be enjoined from continuing to litigate against identified Class Members in the improper venue or from filing consumer debt collection lawsuits in any county in the state of Florida unless Defendants first make reasonable efforts to verify that they have complied with 15 U.S.C. 1692i(2) (herein, "Injunctive Relief"). DE 28, para. 53. The Injunctive Relief includes:

- Identification of all pending consumer-debtor debt collection lawsuits filed against Class Members;

- Dismissal (or transfer, where available, to an appropriate judicial district) of all such debt collection lawsuits pending against Class Members;

- Defendants' cessation of filing future consumer-debtor debt collection lawsuits against consumers in any county in the state of Florida wherein the putative debtor-defendant did not either enter into the contract creating the debt being sued upon or live at the time such lawsuit was filed; and

- Defendants shall appoint a representative to monitor Defendant Consuegra & Dufy, PLLC and its attorney employee's conduct regarding the filing of such consumer debt collection lawsuits on a go-forward basis for compliance with 1692i(2), as it might be

amended over time.

Further, Defendants shall pay Plaintiff $3,000.00 as an incentive award for effectively acting as Class Representative in this Class Action, procuring injunctive relief for all Class Member and future Floridians facing such potential consumer debt collection lawsuits filed by Defendants. Plaintiff has negotiated such result while preserving Class Members individual monetary claims.

Finally, Defendants have agreed to pay Twenty-Six Thousand Dollar and 00/100 Cents ($26,000.00) to Class Counsel, LeavenLaw, for attorneys' fees and costs in this Class Action. This amount is to be paid in addition to the amount paid to the Plaintiff as Class Representative and separate and apart from the injunctive Relief procured on behalf of the Class.

The Parties have agreed that this case be settled on a (b)(2) basis, which does not require—absent Court instruction to the contrary—for notice to be sent to the Class Members. If, however, this Court does require (b)(2) Notice to be sent the Class Members, Defendants will retain and pay a Claims Administrator, who shall have responsibility for providing notice of the class action to Class Members. In such case, the Parties will jointly draft a proposed Notice to Class Members of this Class Action detailing the terms of the Stipulation for Settlement and their right to opt-out of any relief that such Stipulation for Settlement provides. Defendants shall also pay all the costs of providing such Notice of Class Action to each of the Class Members at their respective last known address.

### B.   The Stipulation for Settlement Was Not the Product of Collusion

There is a presumption of good faith in the negotiation process. *See Hemphill v. San Diego Ass'n of Realtors, Inc.,* 225 F.R.D. 616, 621 (S.D.Cal.2005). Where the parties have negotiated at arm's length, the Court should find that the settlement is not the product of collusion. *See, e.g. See Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.,* 211 F.R.D. 457, 470 (S.D.Fla.2002).

In the present case, the Parties' Stipulation for Settlement is the result of appropriate arms-

11

length and adversarial negotiations. The Parties settled only after first engaging in active and contested litigation in this court, including Plaintiff and her counsel engaging and communicating in public records review showing that this case was ripe for certification and judgment on the merits. Defendants, despite disputing Plaintiff's claims, have negotiated a (b)(2) class action settlement with concessions and agreements on a debt-collection practice change on a go-forward basis consistent with the FDCPA, Section 1692i's fair venue requirements.

Where a case proceeds adversarially, such conduct counsels against a finding of collusion. *See Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 692 (S.D. Fla. 2014) (citing *Ingram v. The Coca–Cola Co.,* 200 F.R.D. 685, 693 (N.D.Ga.2001)). The Parties ultimately settled the case only after extensive pre-mediation settlement negotiations. The Parties were assiduous in negotiating and reaching agreement as to terms of the relief to the class first before turning to negotiations regarding the Class Representative's service/incentive award and finally to attorneys' fees and costs. Accordingly, the Court should find the Agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties. *See Saccocccio*, 297 F.R.D. at 692.

### C. Notice is Not Required under a Rule 23(b)(2) Class.

Under Rule 23(e)(1) of the Federal Rules of Civil Procedure, when approving a class action settlement, the parties must provide the court with information sufficient to enable it to determine *whether* to give notice of the propose to the class. Fed.R.Civ.P. 23(e)(1)(A) (emphasis added). In other words, notice is not mandatory for approval of a settled class, particularly in the context of a (b)(2) class because the class members are not bound by (i.e., relinquishing individual claims) under such class settlement proposal. *See Penson v. Terminal Transport Company Inc.*, 634 F.2d 989, 993 (former 5th Cir. 1981) (noting that "Rule 23(d)(2), which applies to all Rule 23 class actions, is the only notice provision applicable to 23(b)(2) actions" and that "[i]t provides only for discretionary

notice, the content of which is to be determined by the district court."). Notice is not required in (b)(2) classes as opposed to (b)(3) classes because Rule 23 (b)(3) classes "specifically provide[] for notice of an opt-out right and of the binding nature of the judgment in the class action for those who do not exercise this right." *Id*. Where there are no individual claims resolved and the settlement result is not binding on each individual class member, the need for notice and a right to opt out is minimized if not altogether eliminated. *Id*. at 993-994; *see also Jefferson v. Ingersoll Int'l. Inc.,* 195 F.3d 894, 897 (7th Cir.1999) ("Rule 23(b)(2) authorizes a no-notice and no-opt-out class for 'final injunctive relief ... [that operates] with respect to the class a whole."); *Crawford v. Honig,* 37 F.3d 485, 487 n. 2 (9th Cir.1995) (observing that the right to notice does not apply to class actions brought under Rule 23(b)(2)); *Kincade v. Gen. Tire & Rubber Co.,* 635 F.2d 501, 506 (5th Cir.1981) (same); *see also Doe v. Bush*, 261 F.3d 1037 (11th Cir.2001), *cert. denied*, 534 U.S. 1104, 122 S.Ct. 903, 151 L.Ed.2d 872 (2002); *Gonzalez*, *2015 WL 738329 \*2*.

In the present case, the Stipulation for Settlement strictly provides for injunctive relief under the FDCPA's fair venue statute, Section 1692i(a)(2), and does not involve any statutory damages (i.e., individual claims) to either the Class Representative or any Class Members. DE 28, paras. I.1.10; II.C.2; III.B; III.C. Instead, the claims resolved in the Stipulation "are class claims, claims resting on the same grounds and applying more or less equally to all members of the class." *Heffner v. Blue Cross and Blue Shield of Alabama, Inc.*, 443 F.3d 1330, 1345 (11th Cir. 2006). Stated differently, the injuries remedied through the Stipulation for Settlement and its proposed (b)(2) class "are really group, as opposed to individual injuries." *Holmes v. Continental Can Co.,* 706 F.2d 1144, 1155 (11th Cir.1983*)* (quotation marks and citation omitted). As a result, the Parties do not feel that there is any need or value in requiring notice to the Class Members, as there is no additional value obtained from such formal, separate notice, especially when, as is the case here, each Class Member will automatically benefit from, and receive informal notice of, the Class relief through either dismissal or

transfer of the alleged improperly filed debt collection lawsuit. "Opting out of a (b)(2) suit for injunctive relief would have little practical value or effect. Even class members who opted out could not avoid the effects of the judgment. A (b)(2) injunction would enjoin all illegal action, and all class members would necessarily be affected by such broad relief." *Id*. at 1157. "By contrast, in cases where 'individual money claims are at stake, the balance swings in favor of the provision of some form of notice." *Id*. "Although class actions must comport with constitutional due process, our construction of subsection (b)(2) obviates the need for a due process inquiry." *Id*. at 1160.

Therefore, consistent with Rule 23(d)(2), (e)(1)(A), the Stipulation for Settlements terms and the Eleventh Circuit case law on point, Plaintiff asks that this Court preliminarily approve the Stipulation for Settlement without the need for providing formal notice to the Class Members.

## CONCLUSION

Plaintiff respectfully requests that the Court preliminary certify the following class under Federal Rules of Civil Procedure 23(a) and 23(b)(2). In addition, Plaintiff requests that the Court approve the proposed class without notice, for the reasons state herein. Finally, Plaintiff requests that the Court enter a preliminary approval order substantially in the same form as **Exhibit D** to this Motion.

**WHEREFORE**, Plaintiff respectfully requests an order from this Honorable Court: (1) certifying the proposed Class for settlement purposes; (2) preliminarily approving the proposed Stipulation for Settlement; (3) appointing Plaintiff's counsel as counsel for the class; and (4) setting a date for a final fairness hearing under Federal Rules of Civil Procedure 23(c)(1).

## 3.01(g) Certification

Pursuant to Local Rule 3.01(g), counsel for Plaintiff conferred with counsel for Defendants, and Defendants do not oppose this *Unopposed Motion for Preliminary Approval of Class Action Settlement* and agree to the relief sought herein.

DATED this 14th day of June 2019.

>LEAVENLAW
>
>*/s/ Ian R. Leavengood*
>**Ian R. Leavengood, Esq., FBN 10167**
>Northeast Professional Center
>3900 First Street North, Suite 100
>St. Petersburg, FL 33703
>Phone:  (727) 327-3328
>Fax: (727) 327-3305
>ileavengood@leavenlaw.com
>*Attorneys for Plaintiff and*
>*Class Members*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>*/s/ Ian R. Leavengood*
>Attorney