**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MYIAH SHOWS,
*individually and on behalf of*
*all others similarly situated,*

    Plaintiff,

v.

CONSUEGRA & DUFFY, P.L.L.C., d/b/a LAW
OFFICES OF DANIEL C. CONSUEGRA, P.L.,
a Florida professional limited liability company,
DANIEL C. CONSUEGRA, an individual, and
AMANDA R. DUFFY, an individual,

    Defendants.
_____/

Case No.: 8:18-cv-02633-CEH-CPT

**CLASS REPRESENTATION**

**MOTION FOR FINAL APPROVAL OF CLASS ACTION**
**SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW**

COME NOW, the Plaintiff in the above styled action, by and through her undersigned counsel, pursuant to Federal Rule of Civil Procedure 23, and hereby files this Motion for Final Approval of Class Action Settlement, and states the following in support thereof:

**I.**      **FACTUAL BACKGROUND / PROCEDURAL HISTORY**

Plaintiff initiated this action against Defendants on October 26, 2018 by filing her Class Action Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). *See,* DE 1. Specifically, Plaintiff alleges that Defendants violated the fair venue provision of the FDCPA, Section 1692i(a)(2) by filing lawsuits against consumer debtor defendants in jurisdictions where such defendants neither engaged in the contract that created the debt nor lived at the time the debt collection lawsuit was filed. *Id.* The Parties have engaged in extensive settlement communications to resolve this dispute on a class basis and have filed their

1

Stipulation for Settlement detailing the proposed terms of their proposed Rule 23(b)(2) class action settlement. DE 28. On June 14, 2019, the parties filed a Motion for Preliminary Approval of the Class Action Settlement. DE 29. On July 31, 2019, this Court conducted a hearing on the parties' Motion for Preliminary Approval of the Class Action Settlement. DE 31. On November 4, 2019, the Court entered an Order preliminarily approving the settlement without notice to class members and setting a hearing for. DE 33. To date, no Class Members have objected to any aspect of the preliminary approval of the Class Action Settlement.

Through the instant Motion, the parties respectfully request the Court enter a final order approving the terms of the Class Action Settlement.

## II. Terms of the Settlement Agreement.

Pursuant to the term of the Stipulation for Settlement, the parties have agreed for settlement purposes as follows:

A. <u>Settlement Class</u>: The Settlement Class consists of "[a]ll persons who are consumer debtors outside of the state of Florida, against whom Defendants filed and served a collection lawsuit (not involving real property) in a judicial district wherein each respective debtor-defendant neither (1) entered into the agreement sued upon, nor (2) where such debtor defendant lived at the time each lawsuit was filed and served, between October 26, 2017 and the date of approval of this Class Action settlement."

B. <u>No Payment to Class Members</u>: The Defendants are not paying any Class Member statutory damages under the FDPCA as the Class approved by the Court is an injunctive relief Class under Rule 23(b)(2) of the Federal rules of Civil Procedure. As a result, no Class Members has released any individual, statutory damages claims that each may have against Defendants, if any.

    C. <u>Payment to Class Representative</u>: Defendants shall pay the named Plaintiff three thousand dollars ($3,000.00) each as a service award.

    D. <u>Equitable Relief:</u>  Defendants have agreed they will not commence or continue to litigate lawsuits pending against Class Members in a judicial district wherein each respective Class Member did not enter into the agreement sued upon or where such Class Member resided at the time such consumer debt collection lawsuit was filed.

    E. <u>Attorneys' Fees and Costs</u>: Defendants have agreed to pay Twenty-Six Thousand Dollar and 00/100 Cents ($26,000.00) to Class Counsel, LeavenLaw, for attorneys' fees and costs.

*See,* DE 28.

### III. Details of Settlement Administration.

In its Order preliminarily approving the Class Action Settlement Agreement, the Court approved the proposed (b)(2) Class without Notice to the Class Members. As of January 24, 2020, the deadline imposed by the Court to review for opt outs or objections to the Settlement, no requests for exclusion or objections have been received by the Defendant's Counsel or Class Counsel to the Class Action Settlement.  Furthermore, no Class Member has filed with the Court such objection on a date twenty days prior to January 24, 2020.  DE 33, para. 6.

### IV. Legal Standard.

Courts consistently favor settlement of disputed claims. *See Williams v. First National Bank,* 216 U.S. 582 (1910); *Weinberg v. Kendrick*, 698 F.2d 61, 73 (2d Cir.1982); *DuPuy v. Director, Officer of Worker's Compensation Programs*, 519 F.2d 536,541 (7th Cir.1975), *cert. denied*, 424 U.S.965 (1976).  Nowhere is this policy more appropriate than in class actions:

> In the class action context in particular, "there is an overriding public interest in favor of settlement." *Cotton v. Hinton*, 559 F.2d

> 1326, 1331 (5th Cir.1977). Settlement of the complex disputes often involved in class actions minimizes the litigation expense of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources. *Id.*

*See, Armstrong v. Board of School Directors*, 616 F.2d 305, 313 (7th Cir.1980); *see also, Franks v. Kroger,* 649 F.2d 1216, 1224 (6th Cir.1981) *vacated on other grounds and modified*, 670 F.2d 71 (6th Cir.1982) (law generally favors and encourages the settlement of class actions); *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 307 (7th Cir.1985) *on reh'g, en banc, Secy of Labor v. Fitzsimmons,* 805 F.2d 682 (7th Cir.1986); *Patterson v. Stovall*, 528 F.2d 108, 112 (7th Cir.1976); *Enterprise Energy Corp. v. Columbia Gas Transmission Corp.,* 137 F.R.D. 240, 246 (S.D. Ohio 1990); *In re Dun & Bradstreet Credit Service Consumer Litigation,* 130 F.R.D. 366, 371 (S.D. Ohio1990); *In re Domestic Air Transportation Antitrust Litigation,* 148 F.R.D.297, 312 (N.D.Ga.1993) ("settlements of class actions are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and preventing lawsuits").

In reviewing a proposed class action settlement, courts should neither substitute their own judgment for that of the parties who negotiated the settlement, nor "reopen and enter into negotiations with the litigants in the hopes of improving the terms of the settlement." *See In re Saxon Securities Litigation,* [1985-86 Transfer Binder] Fed.Sec.L. Rep. (CCH) ¶ 92,414 at 92,525 (quoting *Argo v. Harris,* 84 F.R.D.646, 647-48 (E.D.N.Y.1979)); *see also Enterprise Energy, supra,* 137 F.R.D. at 246 (settlement must be viewed in its entirety and court may not modify individual terms which were the product of negotiations).

As stated by the court in *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 462 (2d Cir.1974):

> It is not necessary in order to determine whether an agreement of settlement and compromise shall be approved that the court try the case which is before it for settlement … Such procedure would emasculate the very purpose for which settlements are made. The

> court is only called upon to consider and weigh the nature of the claim, the possible defenses, the situation of the parties, and the exercise of business judgment in determining whether the proposed settlement is reasonable.

In lieu of a more extended inquiry into the claims asserted, courts have concentrated on the "negotiating process by which the settlement was reached." *Weinberger v. Kendrick,* 698 F.2d 61, 74 (2d Cir. 1982). Courts have thus focused on whether the settlement was achieved through "arm's length negotiations" by counsel who have "the experience and ability … necessary to [provide] effective representation of the Class's interests." *Id.; see also Stotts v. Memphis Fire Department,* 679 F.2d 541, 551 (6th Cir.1982); *Granada Investments, Inc. v. DWG Corp.,* 823 F.Supp. 448, 454 (N.D.Ohio1993) (citing importance of arm's length negotiations); *Spencer v. Comserv Corp.,* [1986- 87 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶93,124 at 95,530 (D.Minn.1986); *In re Warner Communications Securities Litigation,* 618 F. Supp.735, 741 (S.D.N.Y. 1985), *aff'd*, 798 F.2d35 (2d Cir.1986).

In deciding whether to approve the proposed settlement, this Court must determine whether the proposal is fair, adequate and reasonable. *Bennett v. Behring Corp.,* 737 F.2d 982, 986 (11th Cir. 1984); *Gautreaux v. Pierce,* 690 F.2d 616, 631 (7th Cir.1982); *In re Domestic Air Transportation Antitrust Litigation, supra,* 148 F.R.D. at 312. *See also Toledo Fair Housing Ctr. v. Nationwide Mut. Ins. Co.,* 94 Ohio Misc.2d 186, 188 (Lucas Co.1998); *Beder v. Cleveland Browns, Inc.,* 758 N.E.2d 307, 114 Ohio Misc.2d 26 (2001).

"[T]here is a strong initial presumption that the compromise is fair and reasonable." *In re Saxon Securities Litigation, supra*, ¶92,414 (quoting *Katz v. E.L.I. Computer Systems, Inc.*, [1970-71 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶92,994 at 90,676 (S.D.N.Y. 1971)). Accordingly, courts exercise restraint in examining a proposed settlement and recognize that "[s]ettlements, by definition, are compromises which need not satisfy every single concern of the plaintiff class but

may fall anywhere within a broad range of upper and lower limits." *In re Saxon Securities Litigation, supra*, ¶92,414 at 92,525 (quoting *Alliance to End Repression v. City of Chicago,* 561 F.Supp. 537, 548 (N.D.Ill.1982)).

An assessment of the fairness, reasonableness and adequacy of a proposed settlement herein requires the court to weigh numerous factors. In this regard, it has been noted:

> It is well established that the court assumes a limited role when requested to approve a class action settlement proposal. While the interests of the class members must be carefully protected … the Court must avoid deciding or trying to decide the likely outcome of a trial on the merits. Approval or disapproval is dependent upon whether, under all of the particular circumstances, the terms reached are fair, reasonable and adequate.

*See In re National Student Marketing Litigation,* 68 F.R.D. 151, 155 (D.D.C.1974) (citations omitted).

**V.  Argument.**

    **a.  The Settlement Class Meets the Requirements of Federal Rule of Civil Procedure 23**

In its November 4, 2019, order granting preliminary approval of the Parties' Class Action Settlement, the Court certified a settlement class pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2). DE 33. In so doing, the Court found that the proposed settlement class meet the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and that the Defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate, meeting the requirements of Rule 23(b)(2). The record in this case supports the Court's findings in its preliminary approval order, and the Parties submit that the Court should reaffirm in its final approval order that a settlement class is appropriately certified for all the reasons detailed in the Court's preliminary approval order.

    **b.  The Proposed Settlement is Fair, Adequate and Reasonable.**

### i. Federal law supports approval of class action settlement agreements that are fair, adequate and reasonable.

Judicial approval of class action settlements requires a two-step process. In the first step, the court makes a preliminary determination as to whether the settlement falls "within the range of possible judicial approval." *H. Newberg, Newberg on Class Actions* (3d Ed. 1993) §11.25, p.11-37. Once the settlement is found to be within the range of possible approval, a final approval hearing is scheduled. *Id*. This second step involves final determination, following a hearing at which pertinent evidence and any objections by class members may be considered, that the settlement is fair, reasonable and adequate from the standpoint of the class. *Id*. at §11.41.

*In Warren v. City of Tampa*, 693 F. Supp. 1051 (M.D. Fla. 1988), *aff'd*, 893 F.2d 347 (11th Cir. 1989), the District Court described review of class action settlements as follows:

> The Court initially recognizes the principal that settlements are highly favored in the law. *Miller v. Republic National Life Insurance Company*, 559 F.2d 426 (5th Cir. 1977). The Court is required to make a two-part determination that: 1) there is no fraud or collusion in reaching settlement, and 2) the settlement is fair, adequate and reasonable. *Bennett v. Behring Corp.*, 737 F.2d 982 (11th Cir. 1984).

*Id*. at 1054.

The evaluation of whether a settlement is fair, reasonable and adequate is committed to the sound discretion of the trial court. *Bennett*, 737 F. 2d at 987. In making this determination, the trial court is entitled to rely upon the judgment of experienced counsel for the parties. *Behrens v. Wometco*, 118 F.R.D. 534, 538 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990). Furthermore, in determining whether a proposed settlement is fair, adequate and reasonable, this Court should consider the following seven factors:

(1) the likelihood of success or recovery;

(2) the range of possible recovery;

> (3) the settlement terms and conditions, and how the terms compare with the possible range of discovery;
>
> (4) the complexity, expense and duration of future litigation;
>
> (5) the substance and amount of any opposition to the settlement;
>
> (6) the stage of the proceedings at which settlement is reached;
>
> (7) the recommendations and judgment of experienced counsel and the absence of collusion.

*Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984); *Andrews v. Ocean Reef Club, Inc.*, 1993 WL 563622, *3 (Fla. Cir. Ct. 1993).

Application of these factors shows that the proposed settlement is fair, adequate, reasonable and in the best interest of the Settlement Class.

### c. Even with a strong factual and legal case, Class Members face risk in establishing liability.

Although the Class Representative believes that the claims she has raised are meritorious, the Class Representative recognizes that ultimate success on the merits is by no means assured. During the initial part of this litigation, the Defendants made clear that if this matter were contested, it would vigorously challenge the merits of the claims of the Class Representative. Defendants have also contended and continue to contend that they have meritorious defenses to the claims asserted.

### d. The terms and conditions of the Settlement Agreement provide for the best possible benefit to the Plaintiff and the Class Members.

Benefit to the Settlement Class is the fundamental test of the reasonableness of a settlement. Here, the proposed settlement provides remedies directly responsive to the primary relief sought by the Class Representative. Under 15 U.S.C. §1692k(2)(B)(ii), any monetary recovery of the Class is limited to the lesser of $500,000.00 or 1% of the net worth of the debt collector. Based upon the information Plaintiff learned during informal discovery, any monetary fund would be

diminutive and not the superior method of resolving Class Members statutory damage claims. DE 28, para. C.2. More importantly to Class Members and Floridians, Defendants have agreed to cease prosecuting and using the allegedly offending practice of filing suit against consumers in jurisdictions violative of 15 U.S.C. §1692i as a part of the settlement of this matter—and setting up a point person to review and verify Defendants' conduct regarding the same on a go-forward basis—which again, represents the best possible outcome and relief to Plaintiff and Class Members on their request for injunctive relief in the Complaint.

### e. The time and expense of protracted litigation makes settlement appropriate.

Settlement promotes the interests of the litigants by saving them the expense of trial of disputed issues and reduces the strain on already overburdened courts. *See, Armstrong, supra,* 616 F.2d at 313; *Newman v. Stein,* 464 F. 2d 689, 691-92 (2d Cir.)*, cert. denied, sub nom.; Benson v. Newman,* 409 U.S. 1039 (1972*); Enterprise Energy, supra,* 137 F.R.D. at 247-48 (class action settlement serves interests of both litigants and public by avoiding a time-consuming trial and appeal). This position is especially compelling considering the potentially modest recovery per class member based on net worth of the Defendants, the class size, and the cap on class action liability imposed by the FDPCA.

### f. There is no opposition to the Settlement Agreement.

As noted above, no objections have been raised to the Preliminary Approval of the Class Action Settlement and no Class Members have opted-out. Based upon the unanimously favorable response to the proposed settlement—including the Defendants—there exists no reason to delay final approval.

### g. The Parties have negotiated the settlement from a well-informed perspective.

In the months following the initiation of this action, the parties developed a substantial appreciation for the merits of their respective positions. Prior to and during mediation, the parties engaged informal discovery, including the exchange of documentation relating numerosity and class damages. Voluntary settlement discussions were ultimately successful and concluded with a written stipulation for settlement. Following these exhaustive settlement discussions, the parties negotiated the terms of a formal Stipulation for Settlement which was granted preliminary approval by the Court on November 4, 2019.

> **h. Counsel believes that the Settlement Agreement is fair, reasonable and in the best interests of the class.**

The opinion of experienced class action counsel with substantial experience in litigation of similar size and scope is an important consideration. *See, In re Domestic Air Transportation Antitrust Litigation, supra,* 148 F.R.D. at 312; *Andrews v. Ocean Reef Club, Inc.*, 1993 WL 563622, *3 (Fla. Cir. Ct. 1993). In the instant action, Class Counsel has experience in litigating consumer class actions. Judges should not substitute their own judgment as to optimal settlement terms for the judgment of the litigants and their counsel. *See, Ressler v. Jacobson,* 822 F.Supp. 1551, 1553 (M.D. Fla. 1992). "While the opinion and recommendation of experience counsel is not blindly followed by the trial court, such opinion should be given great weight in evaluating the proposed settlement." *Flinn v. FMC Corp.,* 528 F.2d 1169, 1173 (4th Cir.1975). "Where experienced counsel have engaged in arm's length negotiations to reach a settlement, the trial court is entitled to rely on their judgment." *Spencer, supra,* ¶93,124 at 95,530; *see also Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)(court should defer to judgment of experienced counsel who has competently evaluated the strength of his proofs); *Enterprise Energy, supra,* 137 F.R.D. at 247 (endorsement of settlement by experienced counsel supported fairness, adequacy and reasonableness of settlement); *Ohio Public Interest Campaign v. Fisher Foods,* 546 F.Supp.1,

11 (N.D.Ohio1982) (opinion of counsel to be given great weight by the Court). Indeed, there is a "strong initial presumption" that an arm's length settlement arrived at by experienced counsel and premised upon sufficient information to evaluate the claims at issue is fair. *See Feder v. Harrington,* 58 F.R.D. 171 (S.D.N.Y.1972).

Here, the Settlement Agreement is the product of extensive, adversarial, arm's length negotiations conducted by counsel experienced in all aspects of class action litigation, and particularly experienced in the FDCPA context. As discussed above, the proposed settlement offers the Settlement Class the material relief sought and which could be obtained at trial. Thus, in counsels' view, the proposed settlement is fair, reasonable and in the best interest of the Settlement Class. By reaching the proposed settlement, the parties have dispensed with the need for further protracted litigation. Upon final approval, if given, the proposed settlement will have established a significantly faster and guaranteed favorable resolution of the claims at issue.

### i. The Parties negotiated the Settlement Agreement in good faith.

This lawsuit has been pending since October 26, 2018. The Settlement Agreement was negotiated at arm's length, after several months of negotiations following an agreement in principal reached as a result of voluntary, proactive settlement discussions. Detailed settlement negotiations were conducted before the final terms of the Stipulation for Settlement were reached. Thus, there is not even a hint of bad faith or collusion surrounding the proposed settlement to undermine its fairness or adequacy. *See, Cleveland Browns, supra,* 758 N.E.2d at 310.

### j. The Parties have agreed to Class Counsel's Attorney's Fee and Cost Award.

The Parties have reviewed the suggested hourly rates and time sheets for the work performed by Class Counsel and have agreed to an award of $26,000.00 to Class Counsel for attorneys' fees and costs in this case. The Parties agree that this total sum is reasonable and fair

given that the fees are provided at the expense of any damages to the Class and the Lodestar factors applicable in this case. Defendants have agreed to pay said sum over a 90-day period after this Court's final approval of the Class Action Settlement and the Judgment in this matter becomes final.

**VI.     Conclusion.**

**WHEREFORE**, the Court should grant the Motion for Final Approval of the Settlement Agreement. The Parties respectfully request an Order from this Honorable Court GRANTING this Motion for Final Approval of Class Action Settlement.

### 3.01(g) Certification

Pursuant to Local Rule 3.01(g), counsel for Plaintiff conferred with counsel for Defendants, and Defendants do not oppose the relief sought in this *Motion for Final Approval of Class Action Settlement* and agree to the relief sought herein.

DATED this 24th day of January 2020.

    Respectfully submitted:

    **LEAVENLAW**

    /s/ *Ian R. Leavengood*
    **Ian R. Leavengood, Esq., FBN 10167**
    Northeast Professional Center
    3900 First Street North, Suite 100
    St. Petersburg, FL 33703
    Phone:  (727) 327-3328
    Fax: (727) 327-3305
    ileavengood@leavenlaw.com
    *Attorneys for Plaintiff and Class Members*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Ian R. Leavengood*
Attorney